UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARYN D'AMELIO,<br>      Plaintiff<br><br>v.<br><br>SANOFI HEALTH AND WELFARE BENEFIT PLAN and HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br>      Defendants | Civil Action No.<br><br><br><br>**COMPLAINT** |

## INTRODUCTION

This is a claim to recover health insurance benefits under the Sanofi Health and Welfare Benefit Plan (the "Plan") managed by the defendant Blue Cross Blue Shield of New Jersey. The Plan was employer sponsored and subject to the Employer Retirement Income Security Act ("ERISA").

## PARTIES

1. The plaintiff, Caryn D'Amelio, hereinafter referred to as ("Caryn"), is an individual residing in Wrentham, Massachusetts.

2. Caryn was insured at all relevant times under the Plan. She was a spouse of a Sanofi employee.

3. The defendant, Sanofi has a business location in Westborough, Massachusetts and insures many employees in Worcester County through its Plan. The Plan provided medical care for its participants that was insured and/or administered by the defendant Horizon Blue Cross Blue Shield of New Jersey ("BCBSNJ").

4. The defendant, BCBSNJ has a principal place of business at 3 Penn Plaza Newark, New Jersey. Sanofi and BCBSNJ (collectively, the "Defendants.")

## JURISDICTION AND VENUE

5. On information and belief, this Court has original jurisdiction for claims for benefits arising under 29 U.S.C. §1132.

6. Venue is proper before the Court because Caryn is a resident of Wrentham, Massachusetts and the Plan serves employees working in Westborough, Massachusetts.

## FACTS

7. At all relevant times, Caryn was a participant who was insured under her husband's employer sponsored group health plan.

8. The group health plan was managed by BCBSNJ.

9. Caryn was advised by her health care providers that she needed surgery for her health and well-being.

10. Prior to scheduling surgery for Caryn, her healthcare provider contacted BCBSNJ to obtain pre-authorization for the surgery. Caryn's healthcare provider sent BCBSNJ a letter dated August 3, 2016 that described the surgery to be performed and why it was necessary.

11. In response to the inquiry, BCBSNJ advised the healthcare provider that "No Prior Authorization Was Required."

12. Caryn underwent the surgery in December 2016.

13. Following the surgery, BCBSNJ authorized the payment of claims submitted by Caryn's healthcare providers.

14. After BCBSNJ had sent payment to Caryn's healthcare providers, they later rescinded their approval and retroactively denied Caryn's claim associated with her surgery by a

letter dated August 24, 2017.  BCBSNJ claimed that Caryn's surgery was not medically necessary.

15. Following the denial of her claim, Caryn wrote to BCBSNJ and requested a complete copy of the administrative record associated with the denial.  BCBSNJ did not comply with the totality of Caryn's request which prejudiced her appeal.

16. Caryn timely appealed the denial.  BCBSNJ denied her appeal on or about March 6, 2018.  Caryn again wrote to BCBSNJ and requested a complete copy of the administrative record associated with the denial.  BCBSNJ did not comply with the totality of Caryn's request which prejudiced her appeal.

17. Caryn's counsel wrote to BCBSNJ requesting a copy of the administrative record, BCBSNJ ignored the request.

## COUNT I

18. Caryn repeats and realleges paragraphs 1 through 16 and incorporates the same by reference as if fully set forth herein.

19. The Plan's denial of Caryn's health claim and appeal was arbitrary and was inconsistent with the terms of the Plan.

20. As a result of the Plan's refusal and failure to pay Caryn's health claim, Caryn is entitled to recover benefits and to enforce her rights under the Plan.

## COUNT II

21. Caryn repeats and realleges paragraphs 1 through 19 and incorporates the same by reference as if fully set forth herein.

22. The denial of Caryn's health claim and appeal by BCBSNJ was arbitrary and was inconsistent with the terms of the Plan.

23.     As a result of the BCBSNJ's refusal and failure to pay Caryn's health claim, Caryn is entitled to recover benefits and to enforce his rights under the Plan.

## COUNT III

24.     Caryn repeats and realleges paragraphs 1 through 22 and incorporates the same by reference as if fully set forth herein.

25.     Under 29 U.S.C. § 1024(b)(4), the Plan and BCBSNJ have a responsibility to produce Plan documents and the administrative record to Caryn upon request: "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

26.     The requested documents were never produced. The Plan administrator should be penalized $110 per day.

WHEREFORE, the Plaintiff, Caryn D'Amelio demands relief and judgment against the Defendants as follows:

1.  Injunctive relief declaring the rights, duties and remedies of the parties regarding her claim for benefits under the health plan.

2.  An amount of damages to be determined by this Court, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

3.  A penalty of $110 per day as allowed under ERISA for the Plan administrator's failure to produce all requested Plan documents.

        Respectfully submitted for the Plaintiff

        By:   /s/ George M. Thompson, Jr.
        George M. Thompson, Jr.
        BB0 No. 55603
        The Law Office of George Thompson
        P.O. Box 1181
        Westborough, MA 01581
        Phone: (508) 366-1304
        gthompson@gthompsonlegal.com

        Attorneys for the plaintiff,
        Caryn D'Amelio

Dated: October 25, 2018